UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, et al.,<br><br>Defendants. | Case No. 23-cv-02478-JSC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 44 |

Plaintiff brings this excessive force action against the City of Santa Rosa and four individual defendants. (Dkt. No. 21.)[1] The City of Santa Rosa, Officer Cody Sousa, Officer Christopher O'Neill, and Sergeant Hector Deleon ("Defendants") move to compel Plaintiff's responses to Defendants' discovery requests and for sanctions pursuant to Federal Rules of Civil Procedure Rule 37(d) ("Rule 37"). (Dkt. No. 44.) Having carefully considered the briefing, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L. R. 7-1(b), and DENIES both Defendants' motion to compel and motion for sanctions.

## BACKGROUND

**A. Complaint Allegations**

On May 23, 2022, Officer Sousa arrested Plaintiff after a foot chase. (Dkt. No. 21 ¶¶ 15-17.) During the arrest, Officers Sousa and O'Neill "grabbed Plaintiff's left and right arms violently, intentionally bending them beyond their normal range of motion and causing Plaintiff to suffer a radial head fracture to his right elbow." (*Id.* ¶ 16.) "Defendants then placed [] Plaintiff in

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1  handcuffs despite knowing that his elbow was fractured and that he was in intense pain." (*Id.* ¶
2  17.)
3     Plaintiff sues Defendants for excessive force and false arrest under 42 U.S.C. § 1983,
4  battery, violation of California's Bane Act, negligence, and false imprisonment.

**B. Procedural Background**

The parties' May 23, 2024, joint case management statement states "[t]he parties have exchanged written discovery. Defendants' responses are presently due May 28, 2024. Plaintiff's responses are currently due on June 7, 2024." (Dkt. No. 41 at 5.) Fact discovery closed on June 10, 2024. (Dkt. No. 26 at 1.) The parties have an in-person settlement conference set for July 29, 2024, before Chief Magistrate Judge Donna M. Ryu.

On June 17, 2024, Defendants filed the pending Motion to Compel Plaintiff's Responses to Special Interrogatories and Request for Production of Documents and for Sanctions. (Dkt. No. 44.) Plaintiff filed an opposition requesting the Court deny the motion, contending: (1) counsel met and conferred regarding Plaintiff needing additional time to respond to the discovery requests, (2) Defendants improperly filed the pending motion by failing to comply with the Court's standing order, and (3) Plaintiff would provide responses on or before July 8, 2024, rendering the pending motion moot. (Dkt. No. 46.) On July 8, 2024, Defendants filed a reply stating they had not received the responses from Plaintiff as promised. (Dkt. No. 49 at 5.) Having received no further indication Plaintiff had provided the requested responses, on Monday, July 22, 2024, the Court ordered Plaintiff to advise the Court in writing by noon on July 23, 2024, whether he produced the requested discovery to Defendants on July 8, 2024, as promised. (Dkt. No. 52.) Both parties filed declarations in response to the Court's order explaining Plaintiff produced the requested discovery to Defendants on July 8 and 9, 2024. (Dkt. Nos. 54 ¶ 7; 55 ¶ 5.) Because Defendants received the discovery responses at issue, there is nothing for the Court to compel. So, the Court DENIES the motion to compel as moot. Defendants' motion for sanctions remains before the Court.

## LEGAL STANDARD

Pursuant to Rule 33, any party may serve upon any other party written interrogatories within the scope of Rule 26(b). Fed. R. Civ. P. 33(a)(2). Pursuant to Rule 34, any party may

2

serve on any other party a request for the production or inspection of documents within the scope of Rule 26(b) which are in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a). A party's responses or objections to both interrogatories and requests for production of documents are due 30 days after being served with the written discovery. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2). When discovery responses or objections are not received within 30 days, Rule 37 allows a party to request the court to issue an order compelling responses to the propounded discovery. Fed. R. Civ. P. 37(a). Prior to moving "for an order compelling disclosure or discovery", the parties must certify that they have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Rule 37 provides that if a motion to compel disclosure or discovery is granted or if discovery is provided after filing, the court must require the party whose conduct necessitated the motion to pay for the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). Rule 37 further requires the Court "must not order this payment" if the opposing party's nondisclosure was "substantially justified" or circumstances exist that "make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

**DISCUSSION**

Defendants served Plaintiff with the at-issue written discovery requests on May 8, 2024. So, Plaintiff's responses were due June 7, 2024. Plaintiff failed to respond or object to the discovery requests by June 7, 2024. (Dkt. No. 44 at 3.) Defendants' counsel therefore emailed Plaintiff's counsel on June 11, 2024, the day after the fact discovery cut-off, to inform Plaintiff's counsel of the outstanding responses and the June 17 deadline for Defendants' motion to compel. (Dkt. No. 44-1 at 56.) Defendants requested Plaintiff provide the outstanding responses by June 13, 2024. (*Id.*) Plaintiff failed to provide the responses by June 13, 2024, so Defendants filed their motion to compel. Plaintiff produced responses to the written discovery on July 8 and 9, 2024. (Dkt. Nos. 54 ¶ 7; 55 ¶ 5.)

Defendants claim that pursuant to Rule 37, they are entitled to attorneys' fees in the total amount of $3,395 for their work preparing the motion to compel and for sanctions. (Dkt. No. 54 ¶

3

8.)  The Court, in its discretion, concludes an award of sanctions would be unjust.  Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

First, Defendants' motion violates the Court's Standing Order, which requires "counsel for each party shall meet and confer in person or via videoconference to attempt to resolve their [discovery] dispute informally" before submitting a joint discovery dispute statement with the Court.  *See* Civil Standing Order of Judge Jacqueline Scott Corley at 3-4.  Defendants brought this discovery dispute to the Court without first satisfying the meet and confer requirement.  *See id.* at 3 ("A mere exchange of letters, emails, telephone calls or facsimile transmissions does not satisfy the meet and confer requirement.").  And Defendants did not submit a discovery dispute joint statement as the Standing Order requires.

The Standing Order governs the conduct of the proceedings.  *See Bayside Sols., Inc. v. Avila*, No. 21-CV-08738-PJH, 2023 WL 3497867, at *3 (N.D. Cal. May 16, 2023) (denying Plaintiff's request for sanctions, holding "[t]he requirement to meet face-to-face is not pro forma.  The parties are on notice that filing another discovery letter brief without first meeting and conferring in a manner complying with the rules governing practice before this court risks monetary sanctions.");  *see also Washburn v. Morgado*, No. C 03-02973 JSW, 2005 WL 1030223, at *2 (N.D. Cal. May 3, 2005) (determining "the parties' multiple failures to comply with the standing orders merited the imposition of sanctions"); *Raifman v. Wachovia Sec., LLC*, No. C 11-02885 SBA, 2013 WL 949255, at *1 (N.D. Cal. Mar. 11, 2013) (denying defendant's motion to dismiss because the parties "d[id] not comply with the meet and confer requirement set forth in this Court's Standing Orders.").  The Court's Standing Order explicitly states: "[t]he parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions." *See* Civil Standing Order of Judge Jacqueline Scott Corley at 1.

The process for adjudicating discovery disputes promotes judicial efficiency.  If Defendants had complied with the Court's Standing Order regarding face-to-face meet and confers and a discovery dispute joint letter, the parties likely could have resolved their dispute before involving the Court and incurring the attorneys' fees Defendants now request.  Defendants' failure

4

to comply with the Court's process for adjudicating discovery disputes makes the imposition of sanctions on Plaintiff for his failure to comply with discovery deadlines unjust.

Second, Defendants' own conduct created the urgency Defendants contend required them to file their motion to compel in violation of the Court's Standing Order. Defendants waited until a year into the case and a month before the close of fact discovery to serve Plaintiff with the maximum amount of interrogatories per Defendant and 84 requests for production of documents. Plaintiff indicated on June 12, 2024, he required extra time to respond to the discovery requests, despite Defendants' unilaterally imposed deadline of June 13, 2024. (Dkt. Nos. 44-1 at 55-59; 46.) The parties could have stipulated to extend the discovery dispute deadline to accommodate Defendants' last minute discovery requests and Plaintiff's need for additional time. To be sure, Plaintiff should have asked Defendants for an extension of the deadline to provide the requested discovery responses instead of letting the deadline to respond come and pass as he did. But both parties are at fault here. So, the Court DENIES Defendants' motion for sanctions.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendants' Motion to Compel Plaintiff's Responses to Special Interrogatories and Request for Production of Documents as moot and DENIES Defendants' Motion for Sanctions.

This Order terminates Docket No. 44.

**IT IS SO ORDERED.**

Dated: July 25, 2024

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States District Judge