UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN PAUL JOHNSON,

             Plaintiff,

    v.

CITY OF SANTA ROSA, et al.,

             Defendants.

Case No. 23-cv-02478-JSC

**ORDER FOLLOWING PRETRIAL CONFERENCE**

Jury trial on Plaintiff's Section 1983 and related state law claims against the City of Santa Rosa, Officer Sousa, and Officer O'Neill is scheduled to commence on January 5, 2026. The Court held a pretrial conference on November 20, 2025.

# I.    MOTIONS IN LIMINE

## A.    Plaintiff's Motions

### 1.    Plaintiff's Criminal History and Conduct

Plaintiff moves to exclude references to his prior arrest history and criminal convictions. In particular, Plaintiff contends:

> ii) Officer SOUSA learned about numerous other reports concerning Plaintiff at the hospital, following the incident. SOUSA learned at the hospital that (a) Plaintiff had allegedly violated a restraining order, and (b) had had cocaine on his person at the time he was arrested.

(Dkt. No. 94 at 2.) Defendants represent they do not intend to admit evidence of Plaintiff's criminal history and interactions with the police which was "unknown to the officers on scene at the date of the incidence." (Dkt. No. 94 at 11.) Plaintiff's motion is GRANTED as to any information Officers Sousa and O'Neill were not aware of at the time of the alleged excessive

United States District Court
Northern District of California

United States District Court
Northern District of California

force, otherwise the motion is DENIED.

### 2.    Plaintiff's Intent to Commit Suicide by Cop (Dkt. No. 95)

Plaintiff seeks to exclude evidence pertaining to "unverified reports that Defendants had heard regarding Plaintiff wanted to commit 'suicide by cop'" under Rule 403 as unduly prejudicial. Defendants contend "SRPD Officer Safety Bulletin(s) indicated that Plaintiff "has officer safety alerts---for threats, paranoia, and stating that he will make police shoot him." The motion is DENIED.   Officers Souza and O'Neill may testify to their knowledge and understanding of Plaintiff leading up to the March 23, 2022 incident.  The prejudicial effect of Defendants' contemporaneous characterization of Plaintiff as threatening suicide by cop is not more prejudicial than probative.

### B.    Defendants' Motions

Plaintiff does not oppose any of Defendants' motions in limine; so, all are GRANTED as unopposed.

1.    (Dkt. No. 86): to exclude reference to summary judgment

2.    (Dkt. No. 87): to exclude unidentified witnesses or evidence

3.    (Dkt. No. 88): to exclude reference to liability insurance

4.    (Dkt. No. 89): to exclude reference to the full amount of Plaintiff's medical bills.

5.    (Dkt. No. 90): To Exclude Evidence or Argument Concerning Other Excessive Force Claims, Actions, or Settlements Involving City of Santa Rosa or the Santa Rosa Police Department.

## II.    Plaintiff's Exhibit Objections

At the pretrial conference, Defendants withdrew the following exhibits from their exhibit list: 34 through 40, 47, 50, and 51. Defendants also clarified any exhibits containing Defendants' statements would be introduced only as prior consistent statements in the event Defendants are impeached.  Any other objections will be addressed at trial before the jury is brought in if Defendants seek to use the exhibits.

//

//

//

**III.     Other Pretrial Issues**

             **A.   Jury Selection**

The parties should be provided by email the jury questionnaire responses by December 29, 2025.  The next day the Court will issue an order which identifies any jurors the Court believes should be excused for hardship.  The parties should thereafter meet and confer on whether they agree to excuse any jurors the Court identifies and/or they agree to exclude any additional jurors. The Court will not excuse a juror from attending the January 5, 2026 jury selection unless all parties agree to exclusion.  The Court will hold a Zoom hearing with the parties on December 31, 2025 at 10:00 a.m. to discuss juror excusals and any other matters that need addressing before January 5, 2026.

There will be eight jurors—all will deliberate.  Once the Court gives some introductory remarks, and addresses any further hardships, the first 20 jurors will be placed "in the box."  Each side will be given 30 minutes to orally voir dire the 20 jurors.  Then the Court will adjourn to side bar to hear any for-cause challenges, and then, after a brief break, will move to peremptory challenges.  Each side has three peremptory challenges.  After the jury of eight is sworn, there will be a 45 minute lunch break, and then the trial will begin with opening instructions, openings, and the first witness.

             **B.   Trial Schedule**

As previously discussed, the Court anticipates the trial schedule will be as follows:

- Monday, January 5, 2026:        8:30 a.m. to 3:00 p.m.
- Tuesday, January 6, 2026:       8:30 a.m. to 3:00 p.m.
- Wednesday, January 7, 2026:   8:30 a.m. to 11:30 a.m. (no lunch break)
- Thursday, January 8, 2026:     8:30 a.m. to 1:30 p.m. (no lunch break)
- Friday, January 9, 2026:        8:30 a.m. to conclusion of trial

Counsel and the parties should arrive by 8:15 a.m. each day to address any issues outside the presence of the jury.

Prior to the trial, the parties should coordinate with Ms. Means to schedule an in-person technology test to ensure all audio-visual presentations operate smoothly during trial.

United States District Court
Northern District of California

**C.  Joint Statement of the Case**

The parties shall submit their joint statement of the case by December 18, 2025.

This Order disposes of Dkt. Nos. 86, 87, 88, 89, 90, 94, and 95.

**IT IS SO ORDERED.**

Dated: November 25, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge