UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN PAUL JOHNSON,

          Plaintiff,

    v.

CITY OF SANTA ROSA, et al.,

          Defendants.

Case No.  23-cv-02478-JSC

**ORDER RE: DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Re: Dkt. No. 144

Plaintiff alleged Defendants City of Santa Rosa, Officer Sousa, Officer O'Neill, and Sergeant De Leon (collectively, "Defendants") violated his Fourth Amendment rights and various state laws.  (Dkt. No. 21.)[1]  A jury found Officer O'Neill and the City of Santa Rosa liable for excessive force and awarded Plaintiff $10,000 in compensatory damages.  Now pending before the Court is the Federal Rule of Civil Procedure 50(b) motion of Officer O'Neill and the City of Santa Rosa for judgment notwithstanding the verdict.  (Dkt. No. 144.)  After carefully considering the parties' written submissions, and having had the benefit of oral argument on March 18, 2026, the Court DENIES Defendants' motion.

**PROCEDURAL HISTORY**

Plaintiff's complaint asserted he suffered two injuries when Defendants arrested him: (1) an elbow fracture caused by Officer O'Neill's use of a twist lock while handcuffing Plaintiff, and (2) pain and a hurt wrist from Defendants not affirmatively moving Plaintiff to a more comfortable position after he suffered the fracture.  He alleged each injury—and the conduct causing the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

injury—was a separate basis for Defendants' Fourth Amendment liability.

**A. Defendants' Summary Judgment Motion**

Defendants' summary judgment motion addressed only Plaintiff's first liability theory—Officer O'Neil's use of the twist lock fracturing Plaintiff's elbow. The motion did not even acknowledge the second liability theory, let alone address it. (Dkt. No. 69 at 11-12.) As for the first theory—Officer O'Neill's unconstitutional use of a twist lock on Plaintiff when handcuffing him—Defendants moved for summary judgment on the grounds no reasonable trier of fact could find they engaged in excessive force, and in the alternative, that they are entitled to qualified immunity. (Dkt. No. 62 at 17-24.)

**1. Excessive Force in Violation of the Fourth Amendment**

As to whether the Fourth Amendment was violated, Defendants argued Officer O'Neill's use of a twist lock was reasonable as a matter of law because Plaintiff was resisting arrest when Officer O'Neill started to assist in handcuffing him. (Dkt. No. 62 at 8, 12, 14, 18, 20-22, 24.) The Court denied summary judgment on the grounds a reasonable trier of fact could find Plaintiff was *not* resisting when Officer O'Neill applied the twist lock. (Dkt. No. 69 at 5-8.) But the Court granted Officer Sousa summary judgment on this liability theory because no reasonable trier of fact could find he was an integral participant in the conduct that led to Officer O'Neill fracturing Plaintiff's elbow. (*Id.* at 8-9.)

**2. Qualified Immunity**

Next, Officer O'Neill claimed he was at least entitled to qualified immunity based on what Defendants characterized as the following undisputed facts: (1) Plaintiff "appeared to be under the influence of a controlled substance"; (2) Plaintiff "was a known and documented potential threat to law enforcement;" (3) he had "only moments prior, disobeyed Officer Sousa's lawful commands"; (4) and he "feigned 'surrender'"; (5) and then fled "from Officer Sousa on foot"; (6) after which "there were children and a then unknown man in the immediate area"; (7) where Plaintiff had not yet been searched for weapons and was wearing a baggy jacket that could conceal such items"; *and* **(8) "where Plaintiff was presenting active resistance to handcuffing**." (Dkt. No. 62 at 23-24 (emphasis added).) So, his qualified immunity defense, like his excessive force

United States District Court
Northern District of California

defense, was premised on a finding Plaintiff was resisting.  The Court accordingly denied summary judgment of qualified immunity on the same grounds as the excessive force claim: there was a genuine dispute as to whether Plaintiff was resisting when Officer O'Neill used the twist lock.  (Dkt. No. 69 at 9.)  Defendants did not appeal the summary judgment denial of qualified immunity.

### B.  The Jury Trial

So, the case proceeded to trial against Officer O'Neill on his use of the twist lock liability theory, and against Officers O'Neill and Sousa on the "failure to move Plaintiff to a more comfortable position after his elbow was broken theory" since Defendants had not moved for summary judgment on that theory.  The case also proceeded to trial on Plaintiff's related state law claims.

At trial, Officer O'Neill sought to preserve his qualified immunity defense to the twist lock liability theory by submitting a special verdict form that specifically asked the jury to find whether Plaintiff was resisting arrest when Officer O'Neill used the twist lock.  (Dkt. No. 92 at 1.)  The Court's verdict form, to which Defendants did not object, included this question for the jury. (Dkt. No. 131; Dkt. No. 128 at 220 (defense stating at charging conference they had no comment on the verdict form).)

Following four days of evidence, the jury found Officer O'Neill committed excessive force, but Officer Sousa did not, and awarded Plaintiff $10,000 in compensatory damages.  The jury also found Officer O'Neill committed battery and negligence, but did not find him liable under the Bane Act.  The jury also found punitive damages were not warranted.  Finally, the jury specifically found Plaintiff was not actively resisting arrest at the time Officer O'Neill used the twist lock.  (Dkt. No. 131.)  In light of that finding, Officer O'Neill's summary judgment argument that he was entitled to qualified immunity because Plaintiff was resisting at the time of arrest failed.

### C.  Defendants' Rule 50(b) Motion

Officer O'Neill moves under Federal Rules of Civil Procedure 50(b) for judgment as a matter of law.  He argues for the first time in this litigation that use of a twist lock "**is permissible**

**even absent any active resistance and against a compliant subject**.”  (Dkt. No. 144-2 at 10 (emphasis in original).)  In particular, he contends *Eberle v. City of Anaheim*, 901 F.2d 814, 820 (9th Cir. 1990), entitles Officer O'Neill to qualified immunity because the evidence at trial reflected “precisely the same circumstances” set forth in that case.  (*Id.*)

Officer O'Neill also argues “because Ninth Circuit precedent concerning Fourth Amendment violations in the context of handcuffing require evidence of either complaints of excessively tight handcuffs that were ignored by officers, or 'rough and abusive' conduct in the handcuffing process,” he is entitled to qualified immunity on this second Fourth Amendment liability theory.  (*Id*.)  While the verdict form did not distinguish between the twist lock liability theory and the failure to move Plaintiff to a more comfortable position liability theory, given the jury found Officer Sousa not liable and he was only in the case on this latter theory, and given the conduct of Officers Sousa and O'Neill was exactly the same on the latter theory, the jury must have found Officer O'Neill liable only under the twist lock liability theory, which was also the only basis for the battery claim on which the jury found Officer O'Neill (and thus Santa Rosa) liable.  So, the Court will only address Defendants' motion as to the twist lock liability theory. The Court agrees with the jury the evidence was insufficient to support a finding of excessive force under the “failure to move to a more comfortable position” theory.

**DISCUSSION**

**A. Legal Standard**

In deciding a Rule 50(b) motion for judgment as a matter of law, the district court “may not make credibility determinations or weigh the evidence.” *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000).  Rather, the court “must view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor.” *E.E.O.C. v. Go Daddy Software, Inc*., 581 F.3d 951, 961 (9th Cir. 2009) (cleaned up); *see also Tan Lam v. City of Los Banos,* 976 F.3d 986, 997 (9th Cir. 2020) (“In evaluating a renewed qualified immunity motion under Rule 50(b) after a jury trial, we analyze the motion based on the facts established at trial, viewing the evidence in the light most favorable to the nonmoving party, and drawing all reasonable inferences in favor of the nonmoving party.”).

United States District Court
Northern District of California

4

United States District Court
Northern District of California

Further, "[u]nder Rule 50, a party must make a Rule 50(a) motion for judgment as a matter of law before a case is submitted to the jury. If the judge denies or defers ruling on the motion, and if the jury then returns a verdict against the moving party, the party may renew its motion under Rule 50(b)." *Go Daddy Software, Inc.*, 581 F.3d at 961. "Because it is a renewed motion, a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion. Thus, a party cannot properly raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *Id.* (cleaned up).

## B. The New Qualified Immunity Argument is Waived

At the close of Plaintiff's evidence, Defendants did not file a written Rule 50(a) motion. Instead, their motion consisted of defense counsel stating on the record after Plaintiff completed his case-in-chief:

> Given that Plaintiffs have now concluded their case-in-chief, Defendants would move for judgment as a matter of law, pursuant to Rule 50(a), on the grounds that there's not a legally sufficient evidentiary basis to find against either Cody Sousa or Christopher O'Neill on either of Plaintiff's theories, and specifically that the officers are entitled to qualified immunity.

(Dkt. No. 128 at 221.) This boilerplate statement did not satisfy Officer O'Neill's burden of making his new qualified immunity argument; that is, the argument that even if Plaintiff had surrendered, was compliant, and not resisting at all, no clearly established law put an officer on notice his conduct was unlawful in those circumstances. Counsel's statement did not put the Court or Plaintiff on notice Officer O'Neill was asserting a qualified immunity theory never raised in the case.

The only qualified immunity argument Defendants made prior to the Rule 50(b) motion required a finding Plaintiff was not resisting arrest. Indeed, Defendants' summary judgment motion repeatedly highlighted their assertion it was undisputed Plaintiff was resisting when Officer O'Neill utilized the twist lock and therefore his force was reasonable as a matter of law or at least he was entitled to qualified immunity. (Dkt. No. 62 at 8, 12, 14, 18, 20-22, 24; Dkt. No. 69 at 5-6.) Consistent with that theory, Defendants' proposed verdict form asked for a special jury

5

finding as to whether Plaintiff was resisting:

1.  Has plaintiff proven by a preponderance of the evidence that defendant Christopher O'Neill used excessive force during the handcuffing process of plaintiff's lawful arrest?

    ___ Yes    ___No

2.  If your answer to question 1 is "yes", was the plaintiff resisting arrest at the time force was used against him to secure him in handcuffs?

    ___ Yes    ___No

(Dkt. No. 92 at 1.)  The new qualified immunity argument, however, is premised on Plaintiff being fully compliant, that is, no longer fleeing or resisting and instead cooperating with his arrest.

Officer O'Neill's insistence counsel's bland statement preserved a new qualified immunity argument is unpersuasive.  He cites *Reeves v. Teuscher*, 881 F.2d 1495, 1498 (9th Cir. 1989), for the proposition "Fed. Civ. Proc. 50(b) may be satisfied by an ambiguous or inartfully made motion for a directed verdict or by an objection to an instruction for insufficient evidence to submit an issue to the jury."  Cases have held that an inartful motion for directed verdict preserves objections to the sufficiency of the evidence so long as it alerts "the opposing party to the alleged insufficiency of the evidence at a point in the trial where that party may still cure the defect by presenting further evidence." *Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 786 F.2d 1342, 1346 (9th Cir. 1985).  But Officer O'Neill's Rule 50(b) motion as to the use of the twist lock is not based on the insufficiency of the evidence; instead, he challenges only the finding of a Fourth Amendment violation and even then, only on qualified immunity grounds.  (Dkt. No. 144-2 at 2 (Rule 50(b) Motion Table of Contents with headings "Legal Authority Re: Qualified Immunity" and "Qualified Immunity Re: Control Hold" for the twist lock claim).)  His approach is further evidenced by his failure to attack the jury's battery finding—a state law claim not subject to a qualified immunity defense. *See Cousins v. Lockyer*, 568 F.3d 1063, 1072 (9th Cir. 2009).

The Ninth Circuit's decision in *Tan Lam v. City of Los Banos*, 976 F.3d 986 (9th Cir. 2020), supports the waiver finding.  There the court rejected the plaintiff's argument the defendant waived the qualified immunity issue by not raising it in his Rule 50(a) motion because "the factual

*United States District Court*
*Northern District of California*

arguments [the defendant] made in support of his Rule 50(a) motion [were] the same as those underlying [the defendant's] asserted claim to qualified immunity" made in the defendant's Rule 50(b) motion. *Id.* at 997 n.4. In particular, when making his Rule 50(b) motion, the defendant specifically stated he was renewing his summary judgment motion. *Id.* at 994; *see also Est. of Aguirre v. Cnty. of Riverside,* 131 F.4th 702, 706 (9th Cir. 2025) (holding the defendant's qualified immunity claim made in his Rule 50(b) motion was not waived when it was "based on the same underlying factual arguments regarding the reasonableness of his use of force raised in his Rule 50(a) motion"). But Officer O'Neill did not make any factual arguments in support of his Rule 50(a) motion, and he did not state it was based on a renewal of his summary judgment motion. The Court nonetheless interprets it as preserving his qualified immunity argument made in support of summary judgment and in his proposed verdict form: he is entitled to qualified immunity so long as Plaintiff was resisting, uncooperative, or continuing to flee. Plaintiff's new qualified immunity argument—even if Plaintiff had surrendered, was compliant, and was not resisting, he is still entitled to qualified immunity—is not based on the same "factual arguments" as his Rule 50(a) motion or summary judgment motion. Indeed, to the contrary, Defendants' Rule 50(a) motion's reference to insufficiency of the evidence suggests he was arguing the evidence was insufficient to support a finding of lack of resistance or that he was complying; he was not arguing the evidence supports those factual findings—the facts upon which his new qualified immunity defense is based. So as Officer O'Neill's Rule 50(b) qualified immunity claim is not "based on the same underlying factual arguments regarding the reasonableness of his use of force raised in his Rule 50(a) motion," *Est. of Aguirre,* 131 F.4th at 706, this new qualified immunity defense is waived.

Waiver is further supported by *Dupree v. Younger*, 598 U.S. 729 (2023). In *Dupree*, the Supreme Court held that "[w]hile factual issues addressed in summary-judgment denials are unreviewable on appeal ... a post-trial motion under Rule 50 is not required to preserve for appellate review a purely legal issue resolved at summary judgment." *Id*. at 735–36. The Court reasoned: "[f]rom the reviewing court's perspective, there is no benefit to having a district court reexamine a purely legal issue after trial, because nothing at trial will have given the district court

7

any reason to question its prior analysis." *Id.* Further, "what would a repeat-motion requirement for legal questions typically amount to? For litigants, a copy and paste of summary-judgment motions into post-trial format. For district courts, the tedium of saying no twice. There is no reason to force litigants and district courts to undertake that empty exercise." *Id.* at 737. But Officer O'Neill's Rule 50(b) qualified immunity argument does not ask this Court to reexamine its summary judgment ruling. And it is not a "copy and paste" of Defendants' summary judgment motion. Instead, it is a new qualified immunity argument based on a different assumption of facts then presented in its summary judgment motion. Officer O'Neill does not cite any case, and this Court is unaware of any, that allows a new qualified immunity theory to be raised for the first time in a Rule 50(b) motion under these circumstances.

So, for all the above reasons, Officer O'Neill's new qualified immunity argument is DENIED.

### C. Clearly Established Law Put a Reasonable Officer on Notice

Even if Officer O'Neill could raise a new qualified immunity argument post-trial, the defense fails. While a twist-lock control hold is generally considered a low-level of force, Plaintiff argued to the jury, and the trial record supported a finding, that Officer O'Neill used more force than is involved in a properly applied twist lock. (Dkt. No. 129 at 85:22-86:11.) So, drawing reasonable inferences from the trial record in Plaintiff's favor:

- At the time Officer O'Neill used force against Plaintiff, Plaintiff had surrendered, was fully compliant, and was cooperating with Officer Sousa's handcuffing of him.
- Officer O'Neill was aware that Plaintiff had surrendered, was fully compliant, and was cooperating with Officer Sousa's handcuffing of him.
- Officer O'Neill did not properly use a twist-lock control hold on Plaintiff, but instead intentionally used enough force to fracture Plaintiff's elbow.

That the above conduct violates the Fourth Amendment was clearly established.

Long before Officer O'Neill broke Plaintiff's elbow, clearly established law provided an officer could not use force to harm a compliant suspect while handcuffing him. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989) ("Viewing the facts in a light most favorable to Hansen,

8

the officers used excessive force on Hansen by unreasonably injuring her wrist and arm as they handcuffed her. If Hansen is believed, the police officers' actions were objectively unreasonable in light of the facts and circumstances confronting them"); *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993) (holding the defendant was not entitled to qualified immunity for fastening the plaintiff's handcuffs so tightly around his wrist that they caused the plaintiff pain and left bruises that lasted for several weeks). In *Meredith v. Erath*, 342 F.3d 1057 (9th Cir. 2003), for example, the Ninth Circuit held unnecessarily handcuffing a suspect in a painful manner violates the Fourth Amendment. *Id.* at 1063 (holding the defendant officer was not entitled to qualified immunity as to the plaintiff's allegations of painful handcuffing during the first 30 minutes of her detention). These cases put a reasonable officer on notice that intentionally causing a compliant, non-resisting suspect pain during handcuffing violates the constitution; so, they also put a reasonable officer on notice that causing a compliant, non-resisting suspect pain by breaking his elbow during handcuffing is unconstitutional. *See Ballentine v. Tucker*, 28 F.4th 54, 67 (9th Cir. 2022) ("[O]fficers can be on notice that their conduct is unlawful even in novel factual circumstances. Where a case involves the kind of mere application of settled law to a new factual permutation, we assume an officer had notice that his conduct was unlawful.") (cleaned up). Indeed, even Defendants' own expert testified it is illegal for an officer to use a wrist lock so as to break an arrestee's arm. (Dkt. No. 146-1 at 22:22-25 ("**Q:** Yeah, because it's not okay to use a wrist lock so as to break someone's arm, correct? **A:** That's not in training. That's not in policy and training. In fact, it's against the law.")) Thus, even absent the waiver, Officer O'Neill is not entitled to qualified immunity on the trial record.

Defendant's new argument that under *Eberle v City of Anaheim*, 901 F.2d 814, 820 (9th Cir. 1990), Defendant O'Neill is entitled to qualified immunity even if Plaintiff was compliant and not resisting is unavailing. *Eberle* does not involve a similar use of force; it is about an index-finger control hold that did not inflict any pain. *Id.* at 816. It does not suggest an officer can intentionally use—on a complaint and non-resisting arrestee—enough force to break his elbow and cause severe pain.

**CONCLUSION**

Defendants' Rule 50(b) renewed motion for judgment as a matter of law is DENIED. The new qualified immunity argument is waived and, in any event, fails after drawing all reasonable inferences from the trial record in Plaintiff's favor.

This Order disposes of Docket No. 144.

**IT IS SO ORDERED.**

Dated: March 27, 2026

JACQUELINE SCOTT CORLEY
United States District Judge